# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00341-JRG-RSP |
| | § | |
| YIHANGGOU TRADING CO., LTD., | § | |
| MIDDLE BRIDGE LTD., NINGBO | § | |
| PUREZA TECHNOLOGY, LLC, DA | § | |
| TOUXIANG TECHNOLOGY CO., LTD., | § | |
| MELEDO COMPANY LIMITED, MT. | § | |
| PURITY, LIAMS LITTLE SHOP OF | § | |
| FILTERS, and CHATR TECHNOLOGY, | § | |
| LLC, | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court is the Motion for Leave to Effect Alternative Service and Extension of Time to Serve, filed by Plaintiff Whirlpool Corporation. Dkt. No. 10. Plaintiff moves the Court for leave to effect alternative service on Defendants[1] Chatr Technology, LLC, Liam's Little Shop of Filters, YiHangGou Trading Co., and Da Touxiang Technology Co., Ltd. (collectively, the "Defendants") under Fed. R. Civ. P. 4(f). *Id*. Specifically, the Plaintiff requests the Court to permit electronic mail service on the Defendants; and U.S. mail and electronic mail service on the attorney representing some of the Defendants in U.S. trademark matters. *See id*. at 12–14[2]. The Motion is **GRANTED**.

---

[1] Plaintiff does not ask for leave to effect alternative service on Middle Bridge Ltd., Ningbo Pureza Technology, LLC, Meledo Company Limited, and Mt. Purity. Dkt. No. 10 at 6 n. 1.
[2] All citations are to the document numbers and page numbers assigned through CM/ECF.

**BACKGROUND**

Whirlpool filed this action on October 28, 2020 seeking relief against the Defendants—among others[3]—for alleged infringement of Whirlpool's patents through www.morefilter.com, www.mt-flow.com, www.filters-store.com, and www.gpfilter.com, websites purportedly owned/operated by the Defendants. *Id*. at 3. Defendants YiHangGou Trading Co. and Da Touxiang Technology Co., Ltd. are purportedly located in China while Defendants Chatr Technology, LLC and Liam's Little Shop of Filters are purportedly located in Canada. *See i*d. at 8–12. Whirlpool investigated each of the Defendants and concluded "[t]he foreign addresses at which [all the] Defendants claim to be located all appear to be fake." *Id*. at 3; *see generally id*. at 8–12. For Defendants YiHangGou Trading Co. and Da Touxiang Technology Co., Ltd., Whirlpool hired an attorney in China to investigate the addresses of these entities only to find that these entities were not located, nor likely ever located, at their listed addresses. *See id*. at 8–9 (citing Dkt. Nos. 10-17, 10-18). Similarly, Whirlpool hired an attorney in Canada to investigate the presumptive addresses for Chatr Technology, LLC and Liam's Little Shop of Filters but was unable to locate the Defendants at their self-identified addresses. *See id*. at 10–11 (citing Dkt. Nos. 10-8, 10-14, 10-16). Any attempts to serve these Defendants have failed or would fail since the Defendants' addresses are unknown. *See* Dkt. Nos. 10-8, 10-14, 10-16, 10-17, 10-18.

Despite a failure to discover the Defendants' actual address in China and Canada, Whirlpool identified at least one website, operated by at least one of the Defendants, that states its electronic mail address is actively monitored. Dkt. No. 10 at 14. Whirlpool also discovered that

---

[3] This action is against eight Defendants named in this case, including YiHangGou Trading Co., Ltd., Middle Bridge Ltd., Ningbo Pureza Technology, LLC, Da Touxiang Technology Co., Ltd., Meledo Company Limited, Mt. Purity, Liam's Little Shop of Filters, and Chatr Technology, LLC. Whirlpool states it was able to effect service of process on Defendants Middle Bridge Ltd., Ningbo Pureza Technology, LLC, Meledo Company Limited, and Mt. Purity due to the more flexible service laws in the United Kingdom. Whirlpool, however, cannot effect service in the same manner for the Canadian and Chinese entities. Dkt. No. 10 at 3.

Richard S. Finkelstein is an attorney for Chatr Technology, LLC and Liam's Little Shop of Filters for U.S. trademark matters. *Id*. at 14–15.

Whirlpool asks this Court to authorize alternative service of process under Fed. R. Civ. P. 4(f) by requesting permission to serve the Defendants by electronic mail as well as serve the U.S. trademark counsel by electronic mail and U.S. mail. *Id*. at 16.

## LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Fed. R. Civ. P. 4 (f) provides that an individual in a foreign country may be served as follows:

> (1)     by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2)     if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (A)     as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > (B)     as the foreign authority directs in response to a letter rogatory or letter of request; or
> > (C)     unless prohibited by the foreign country's law, by:
> > > (i)     delivering a copy of the summons and of the complaint to the individual personally; or
> > > (ii)     using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3)     by other means not prohibited by international agreement, as the court orders.

Here, Defendants are Chinese and Canadian entities, both China and Canada are signatories to the Hague Convention. *See* HCCH Members, https://www.hcch.net/en/states/hcch-members.

<u>**ANALYSIS**</u>

<u>**Alternative Service**</u>

Whirlpool argues it should be permitted to serve the Defendants by electronic mail and serve the U.S. trademark counsel by electronic mail and U.S. mail because (1) the Hague Convention does not apply and (2) the requested alternative service method comports with both Rule 4(f) and Due Process.

**1. Hague Convention**

The Hague Convention procedures are "mandatory if available at the place of service." *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 U.S. Dist. LEXIS 7566, *3 (E.D. Tex. Jan. 23, 2012) (quoting *Gramercy Ins. Co. v. Kavanagh*, 3:10-cv-1254, 2011 U.S. Dist. Lexis 50003, at *2 (N.D. Tex. May 10, 2011). "'[The Hague] Convention shall not apply where the address of the person to be served with the document is not known.'" *RPost Holdings*, 2012 U.S. Dist. LEXIS 7566 at *3 (quoting *Gramercy Ins. Co.*, 2011 U.S. Dist. Lexis 50003 at *2). Based on the evidence presented by Whirlpool, the Defendants have purposefully obfuscated their physical location and, despite Whirlpool's best efforts, the Defendants' addresses remain unknown.

Based on all of the evidence presented by Whirlpool, the Court finds that Whirlpool has expended considerable efforts to diligently attempt to comply with the Hague Convention. Whirlpool tried to locate the Defendants' physical addresses from their websites and corporate documentation in order to serve the Defendants. However, none of Whirlpool's efforts have borne fruit. Dkt. No. 10 at 9 ("[A]n investigator went to personally inspect this [purported] address, the investigator discovered the room was closed and empty. No company named YiHangGou Trading Co., Ltd. is located at this address."); Dkt. No. 10 at 9 ("Ms. Zunxia sent an investigator to

personally inspect this address, the company was not there. Instead, an unrelated company operates at this address and they informed the investigator they have never heard of Defendant Da Touxiang Technology Co., Ltd."); Dkt. No. 10 at 10 ("[A] process server to attempt service on Chatr Technology at the above-referenced address. The process server personally inspected the premises and Chatr Technology was not there. Based on the process server's investigation, it appears the address is used by a mailbox rental company."); Dkt. No. 10 at 11 ("Vaillancourt also instructed a process server to personally investigate the address identified in Liam's trademark registration. The process server personally inspected the address and Liam's is not listed in the company directory. The process server also spoke with the concierge and building manager and was informed Liam's is not located at this address."). Whirlpool cannot serve the Defendants according to the Hague Convention if they cannot be found and are not located where they should otherwise be. Nothing before the Court disputes that the Defendants' actual location remains unknown. The Court finds that under these facts, the Hague Convention is inapplicable and service of process under Rule 4(f)(3) is not prohibited by international agreement.

**2. Rule 4(f) and Due Process**

An effective service of process, through Rule 4(f)(3), must be consistent with procedural due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Due process requires that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Whirlpool identified an electronic mail address it believes is being monitored by the Defendants as well as located U.S. counsel for some Defendants. Serving the Defendants as well

as serving their U.S. counsel through electronic mail and U.S. mail[4] will provide adequate notice of the suit. Therefore, Court finds that electronic mail service on the monitored www.morefilter.com electronic mail address electronic mail and U.S. mail service on Mr. Finkelstein, are an appropriate means for notifying the Defendants of this action.

The Court is cognizant of the Defendants' due process concerns, however there has already been extensive delay in this case caused in part by the frustrated attempts at service via more common methods and the difficulties locating the Defendants. Moreover, service has already been effected on other defendants in the United Kingdom, who are alleged to be working in concert with the Defendants. *See SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Technology Limited*, No. 2:20-cv-00003-JRG (E.D. Tex. Mar. 16, 2021). The Court finds that there are few remaining options to provide the Defendants with notice of this lawsuit.

## Additional Time to Effect Service

In cases of foreign defendants, the Fifth Circuit has adopted a "flexible due diligence" standard for the timeliness of service of foreign defendants. *See Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012). The Court **GRANTS** Whirlpool 30 days following the entry of this Order to effect alternative service on the Defendants.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. It is therefore **ORDERED** that Whirlpool serve these Defendants by effecting alternative service through the monitored www.morefilter.com electronic mail address. It is further **ORDERED** that Whirlpool serve Mr. Finkelstein through both electronic mail as well as ordinary U.S. mail. Upon completion of such

---

[4] The Court notes that the established physical address for Mr. Finkelstein is well-known. Dkt. No. 10 at 15. Service on an attorney by ordinary mail also satisfies the due-process requirements of Rule 4(f)(3). *See, e.g.*, *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541 (S.D.N.Y. 1965); *see also Ultravison Technologies, LLC v. GoVision, LLC*, No. 2:18-cv-00100-JRG-RSP (E.D. Tex. Mar. 16, 2020).

alternative service, Whirlpool shall file a Notice supported by a clear personal declaration as to the completion of such alternative service, together with supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date—of such service upon these Defendants. Whirlpool is **GRANTED** 30 days following the entry of this Order to effect alternative service on the Defendants.

**SIGNED this 7th day of May, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE